1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JUAN RAMON CAMACHO,                        Civil No.    06cv1975-IEG (CAB)

12                              Petitioner,

13                                             **ORDER:**

14                    v.                        **(1) CONSTRUING ACTION AS A**
                                               **PETITION FOR WRIT OF HABEAS**
15                                             **CORPUS PURSUANT TO 28 U.S.C.**
                                               **§ 2254**
16   V. M. ALMAGER, Warden,
                                               **(2) GRANTING IN FORMA PAUPERIS**
17                                             **APPLICATION; AND,**
                             Respondent.
18                                             **(3) DIRECTING A RESPONSE**

19

20          Presently before the Court is Petitioner Juan Ramon Camacho's Petition for writ of

21   habeas corpus.  Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state

22   prisoner attacking the validity of the determination of the date of expiration of a sentence

23   imposed by the state of California.  Therefore, Petitioner may not proceed under section 2241,

24   but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254.  White v.

25   Lambert, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper

26   jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to a state

27   court judgment").  The Court will therefore construe this action as one brought pursuant to 28

28   U.S.C. § 2254.

1    Petitioner, has also filed a request to proceed in forma pauperis.  Petitioner has $0.19 on

2  account at the California correctional institution in which he is presently confined.  Petitioner

3  cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed

4  in forma pauperis.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus

5  without prepayment of the filing fee.

6    Additionally, in accordance with Rule 4 of the rules governing petitions for a writ of

7  habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT**

8  **IS ORDERED** that:

9    a.  The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of

10  this Order on the Attorney General for the State of California, or his authorized agent; and

11  (b) serve a copy of this Order on Petitioner.

12    b.  If Respondent contends the Petition can be decided without the Court's reaching the

13  merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust

14  any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred

15  by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules

16  Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner

17  is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules

18  Governing § 2254 Cases no later than **Nobember 13, 2006**.  The motion to dismiss shall not

19  address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

20  Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]

21  At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records

22  bearing on Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion

23  to dismiss.

24    c.  If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to

25  the motion no later than **December 4, 2006**.  At the time the opposition is filed, Petitioner shall

26  / / /

27  ───────────────

28  [1]If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1    lodge with the Court any records not lodged by Respondent which Petitioner believes may be

2    relevant to the Court's determination of the motion.

3        d.  Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

4    opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

5    adequate time to respond to Petitioner's claims on the merits.

6        e.  If Respondent does not contend that the Petition can be decided without the Court

7    reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

8    Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to

9    Rule 5 of the Rules Governing § 2254 Cases no later than **November 27, 2006**.  At the time the

10   answer is filed, Respondent shall lodge with the Court all records bearing on the merits of

11   Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall

12   be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent**

13   **to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into

14   a combined lodgment entry.  Each item shall be numbered separately and sequentially.

15       f.  Petitioner may file a traverse to matters raised in the answer no later than **December**

16   **29, 2006**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each

17   allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive

18   to matters raised in the answer; and (c) shall not raise new grounds for relief that were not

19   asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.

20   No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause

21   shown.

22       g.  A request by a party for an extension of time within which to file any of the pleadings

23   required by this Order should be made in advance of the due date of the pleading, and the Court

24   will grant such a request only upon a showing of good cause.  Any such request shall be

25   accompanied by a declaration under penalty of perjury explaining why an extension of time is

26   necessary.

27       h.  Unless otherwise ordered by the Court, this case shall be deemed submitted on the day

28   following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

1       i.  Every document delivered to the Court must include a certificate of service attesting

2  that a copy of such document was served on opposing counsel (or on the opposing party, if such

3  party is not represented by counsel).  Any document delivered to the Court without a certificate

4  of service will be returned to the submitting party and will be disregarded by the Court.

5       j. Petitioner shall immediately notify the Court and counsel for Respondent of any change

6  of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may

7  be contacted, this action will be subject to dismissal for failure to prosecute.

8       **IT IS SO ORDERED.**

9

10 **DATED:  September 28, 2006**

11 **IRMA E. GONZALEZ, Chief Judge**
   **United States District Court**